## OCEAN INSURANCE COMPANY *versus* WILLIAM RIDER.

In the case of a set-off of judgments or executions, the lien of the attorney in the first suit for his fees and disbursements therein, does not extend to counsel fees, but only to the taxable costs.

*June 15th.*   RIDER having recovered a judgment against the Ocean Insurance Company on a policy of insurance, execution was stayed in order that the company might bring a cross action against him on certain premium notes ; (20 Pick. 259 ;) and the company having obtained a judgment for a sum exceeding the amount recovered by Rider, and having moved for a set off of the judgments, *H. H. Fuller* asserted his lien on the judgment in the first suit, as attorney and counsel in that suit, for his fees and disbursements therein.   He said that the statutes do not furnish an express rule for setting off judgments, and the Court would be governed by the analogy to a set-off of executions, in regard to which it is enacted by Revised Stat. c. 97, § 76, that the set-off shall not be " allowed as to so much of the first execution as may be due to the attorney in that suit, for his fees and disbursements therein ; " that in England the attorney has a lien for the fee paid by him to the barrister ; and that the word *attorney* is used by the legislature for attorney and counsel, and the intention was to protect from set-off all that is reasonably charged and expended by the person prosecuting the suit for the party, and not merely the taxable costs.   Williams's Law Dict. *Fees to Counsel;* Mon tagu on Lien, 59, 61 ; Babbington on Set-off, 107, 111, 112 ; 1 Moore & Scott, 429 ; *Watson* v. *Mascall,* 1 J. B. Moore, 286 ; *Watson* v. *Maskell,* 1 Scott, 658 ; *Shapley* v. *Bellows,* 4 N. Hamp. R. 347 ; *Getchell* v. *Clark,* 5 Mass. R. 309 ; *Baker* v. *Cook,* 11 Mass. R. 236 ; *Dunklee* v. *Locke,* 13 Mass. R. 525 ; *St.* 1810, *c.* 84 ; Revised Stat. *c.* 90, § 49, 52.

*Peabody,* for the plaintiffs, said that the terms " fees and disbursements " are to be restricted to the taxable costs ; otherwise the sheriff or constable having executions to be set off, must go into an examination of the amount proper for counsel

to charge for their services. He cited Revised Stat. *c.* 88, § 28 ; *c.* 97, § 75, 76 ; *Nunez* v. *Modigliani*, 1 H. Bl. 217 ; *Thrustout* v. *Crafter*, 2 W. Bl. 826 ; Yelv. (Metcalf's ed.) 67*f*, note ; 2 Kent's Comm. (3d ed.) 640 ; Montagu on Lien, 61.

*Per Curiam.* We think the statute does not refer to counsel fees, but only to the taxable costs. It is clear that the same rule is to be applied to these judgments as in the case of a set-off of executions. There the officer is to exclude from the set-off, only the bill of costs as it appears on the execution. He has thus a plain rule for his guidance. And this view of the question, we believe, is in conformity to the practice.